# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAMS, CDCR #J-17517, Plaintiff, vs. D. PARAMO, Warden; R. BROWN, Community Resource Manager; E. GARZA, Captain; IMAM KAHN, Chaplain, Defendants. | Case No.: 3:17-cv-02475-CAB-NLS **ORDER:** **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]** **AND** **2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

KENNETH WILLIAMS ("Plaintiff"), currently incarcerated at the California Medical Facility ("CMF") in Vacaville, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff claims several prison officials at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, violated his right to free exercise of religion and equal protection of the laws by failing to permit him to participate in Ramadan in May 2017,

1

while he was incarcerated at RJD. *See id.* at 2-4. Plaintiff seeks injunctive relief preventing "prisoners" from facilitating Islamic services,[1] as well as general and punitive damages "to be determined." *Id.* at 7.

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed suit; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

///

---

[1] While Plaintiff does not specify the scope of the injunctive relief he seeks, *see* ECF No. 1 at 7, any request for injunctive or other equitable relief related to RJD's policies or practices have been rendered moot by his transfer to CMF. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim [for injunctive relief] is moot.") (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)). In such circumstances, claims for injunctive relief are moot because the prisoner "'no longer is subjected to [the allegedly unconstitutional] policies.'" *Id.* (quoting *Johnson*, 948 F.3d at 519); *see also Dilley v. Gunn*, 64 F.3d 1365, 1372 (9th Cir. 1995).

| | |
|---|---|
| 1 | Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a |
| 2 | "certified copy of the trust fund account statement (or institutional equivalent) for ... the |
| 3 | 6-month period immediately preceding the filing of the complaint." 28 U.S.C. |
| 4 | § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified |
| 5 | trust account statement, the Court assesses an initial payment of 20% of (a) the average |
| 6 | monthly deposits in the account for the past six months, or (b) the average monthly |
| 7 | balance in the account for the past six months, whichever is greater, unless the prisoner |
| 8 | has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having |
| 9 | custody of the prisoner then collects subsequent payments, assessed at 20% of the |
| 10 | preceding month's income, in any month in which his account exceeds $10, and forwards |
| 11 | those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); |
| 12 | *Bruce*, 136 S. Ct. at 629. |
| 13 | In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate |
| 14 | Statement Report, *see* ECF No. 2 at 6-7, together with a prison certificate completed by |
| 15 | an accounting official at CMF attesting to his trust account activity. *Id.* at 5; *see also* 28 |
| 16 | U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements |
| 17 | show that Plaintiff had an average monthly balance of $9.02, and average monthly |
| 18 | deposits of $9.38 to his account over the 6-month period immediately preceding the filing |
| 19 | of his Complaint, but an available balance of zero at the time of filing. Based on this |
| 20 | financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. |
| 21 | 2), and assesses his initial partial filing fee to be $1.87 pursuant to 28 U.S.C. |
| 22 | § 1915(b)(1). |
| 23 | However, the Court will direct the Secretary of the CDCR, or his designee, to |
| 24 | collect this initial fee only if sufficient funds are available in Plaintiff's account at the |
| 25 | time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event |
| 26 | shall a prisoner be prohibited from bringing a civil action or appealing a civil action or |
| 27 | criminal judgment for the reason that the prisoner has no assets and no means by which to |
| 28 | pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 |

(finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

## II. Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."

4

3:17-cv-02475-CAB-NLS

*Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds Plaintiff's Complaint contains free exercise of religion and equal protection claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Hartmann v. Cal. Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1122-24 (9th Cir. 2013) (discussing pleading requirements for prisoner's free exercise of religion and equal protection claims).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $1.87 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

6. **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte

screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: February 7, 2018

Hon. Cathy Ann Bencivengo
United States District Judge