UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>         Plaintiff,<br><br>v.<br><br>D. PARAMO, Warden,<br><br>         Defendant. | Case No.: 17cv2475-CAB-NLS<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION [Doc. No. 21], OBJECTIONS TO REPORT [Doc. No. 22], MOTION FOR SUMMARY JUDGMENT [Doc. No. 9], and MOTION TO DISMISS [Doc. No. 10]** |

  Plaintiff Kenneth Williams ("Plaintiff"), a state prisoner proceeding *pro se* and *informa pauperis*, filed his Complaint in this case on December 8, 2017, alleging Defendants R. Brown, E. Garza, A. Khan, and D. Paramo ("Defendants") violated his rights under 42 U.S.C. §1983. [Doc. No. 1.] On May 21, 2018, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies [Doc. No. 9] as well as a motion to dismiss Plaintiff's complaint for failure to state a claim [Doc. No. 10]. Plaintiff filed an opposition on September 11, 2018. [Doc. No. 18.] No reply was filed.

  On January 29, 2019, Magistrate Judge Nita L. Stormes issued a Report and Recommendation: (1) denying Defendants' motion for summary judgment; and (2) granting in part and denying in part Defendants' motion to dismiss (the "Report"). [Doc.

1

No. 21.] On February 12, 2019, Defendants filed objections to the Report, but only as to the motion for summary judgment. [Doc. No. 22.] Plaintiff has not filed a reply.[1] Having reviewed the matter *de novo* and for the reasons set forth below, the Court DECLINES TO ADOPT the Report, GRANTS the motion for summary judgment and DENIES AS MOOT the motion to dismiss.

## REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 1997e(a)636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## DISCUSSION

A. Motion for Summary Judgment.[2]

Defendants argue that Plaintiff failed to exhaust his administrative remedies because he failed to take his grievance to the Third Level of review. [Doc. No. 9-1 at 12-14.] Plaintiff argues that he did not fail to exhaust administrative remedies because his Second-Level review was "granted" and therefore he was not required to reach the Third Level of review. [Doc. No. 18 at 9.]

The Report sets forth the legal standard for exhaustion and the California Department of Corrections' administrative appeals process. [Doc. No. 21 at 7-8.] As the

---

[1] Plaintiff was given an extension of time until March 26, 2019 to file a reply. [Doc. No. 24.]
[2] The Report accurately sets forth the Factual Background and Legal Standards for Motion for Summary Judgment, and those sections of the Report are incorporated herein. [Doc. No. 21 at 3-7.]

2

Report correctly noted, the Prison Litigation Reform Act ("PRLA") requires that the prisoner exhaust "such administrative remedies as are available." 28 U.S.C. § 1997e(a). And while the Report correctly sets forth that there "appears to be some variation in how the various courts within this district interpret what is 'available'" [Doc. No. 21 at 9], in *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005), the Ninth Circuit made clear that the "obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'" In Plaintiff's situation, while the Second Level review was "granted," Plaintiff did not get the remedy he was seeking and, therefore, he should have appealed to the Third Level.

Plaintiff's claim consists of two components: (1) Plaintiff was wrongfully left off the (2017) Ramadan list; (2) prisoners should not have been permitted to run Islamic services, which should have been run by the Chaplain himself, and should not have been permitted to modify the Ramadan list. [Doc. No. 1 at 14-15.] The First Level review, which was "granted," stated that (1) "Mr. Brown agreed to work with the Men's Advisory Council (MAC) to help educate the inmate population on proper procedures during religious events," and (2) "You will be added to next year's [2018] Ramadan list." [Doc. No. 1 at 15.] Nothing was said about giving Plaintiff any remedy for being left off the 2017 list, and nothing was said about making sure the Chaplain regularly attends the services.[3]

Plaintiff then filed a Second Level review, again asserting the following claims: (1) "Inmates facilitating regular Muslim services prevent [Plaintiff] from attending; (2) Have the Chaplain attend regular services for Muslim inmates." [Doc. No. 1 at 14.] The Second Level review, which again was "granted," stated that (1) "[t]he institution will work with the Inmate Advisory Council (IAC) to help educate the inmate population on

---

[3] In fact, by stating that Mr. Brown would work with the MAC to help educate the inmate population on proper procedures during religious events, this confirmed that inmates would continue to run the Islamic services.

3

proper procedures for regularly scheduled services; (2) Due to that Muslim services have to be held on a specific time and day, on all six facilities, it is impossible for [the Chaplain] to attend all the services. However, the institution is currently recruiting Muslim volunteers to help services." *Id.* Once again, nothing was said about giving Plaintiff a remedy for being left off the 2017 Ramadan list, and Plaintiff was specifically told that the Chaplain would <u>not</u> regularly attend services for Muslim inmates and that prisoners would continue to run the Islamic services.[4]

The fact that Plaintiff was not satisfied with the result at the Second Level, and therefore had *some* relief available at the Third Level, is shown by the claims and requests for relief in his Complaint: (1) Plaintiff seeks damages for allegedly being wrongfully denied the right to participate in 2017 Ramadan[5]; and (2) Plaintiff seeks an injunction prohibiting prisoners from being allowed to run services for Muslim inmates in lieu of the Chaplain. [Doc. No. 1 at 3, 4 and 7.] At no time during the First or Second Appeal was Plaintiff told that he would be provided any relief for missing the 2017 Ramadan, and Plaintiff was specifically told that the Chaplain would not attend regular services, and that the prisoners would continue to run the Islamic services. By making these claims for relief in the Complaint, Plaintiff admits that he was not satisfied with the result at the Second Level and, therefore, had further relief available at the Third Level.[6]

Accordingly, the Court **DECLINES TO ADOPT** the Report as to motion for summary judgment, and the motion for summary judgment is **GRANTED** on the grounds that Plaintiff failed to exhaust administrative remedies.

/ / / / /

/ / / / /

---

[4] In addition, Plaintiff was specifically advised in the Second Level review that he could further pursue this issue at the Third Level of review. [Doc. No. 1 at 14.]

[5] Plaintiff has also waived this claim because he did not pursue it at the Second Level of review.

[6] As a result, there is no triable issue of fact, and summary judgment is appropriate. Fed.R.Civ.P. 56(a); *Celotex. Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

B. Motion to Dismiss.

Given that the motion for summary judgment has been granted, the Court does not reach the issues presented in the motion to dismiss and, therefore, it is **DENIED AS MOOT.**

CONCLUSION

For the reasons set forth above, the Court rules as follows:

1. Defendants' Objections [Doc. No. 22] are **SUSTAINED**;
2. The Court **DECLINES TO ADOPT** the Report [Doc. No. 21] as to the motion for summary judgment;
3. The motion for summary judgment [Doc. No. 9] is **GRANTED**;
4. The motion to dismiss [Doc. No. 10] is **DENIED AS MOOT**.
5. The Clerk shall **ENTER JUDGMENT** for Defendants and **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: March 28, 2019

Hon. Cathy Ann Bencivengo
United States District Judge